# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| ANGELA K. ELLIS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 5:18-cv-06121-NKL |
| CODY J. ELKINS, et al., | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendants' motion to dismiss Plaintiffs' punitive damages claims, Doc. 9. For the following reasons, Defendants' motion is denied.

## I. Background

On January 1, 2014, Angela K. Ellis and Cody J. Elkins were involved in an auto accident during a snowstorm. At the time of the accident, Mrs. Ellis was clearing snow on Interstate 35; Mr. Elkins was operating a tractor trailer in his capacity as an employee of Tyson Foods, Inc.

Mrs. Ellis and Wesley Ellis, her husband, subsequently filed suit against Mr. Elkins and Tyson Foods, Inc. asserting claims of negligent driving, negligence per se, negligent training, and loss of consortium. In the Complaint, Plaintiffs assert that Mr. Elkins was negligent by failing to keep a careful lookout, driving at a speed which made it impossible to stop within his range of visibility, following too closely, and failing to stop or swerve to avoid colliding with Mrs. Ellis while driving under the then-existing road conditions. Plaintiffs assert that Tyson is liable both vicariously for Mr. Elkins' conduct and directly for its own negligence in failing to train Mr. Elkins to understand and comply with Federal safety regulations.

Plaintiffs allege that Defendants' conduct "was outrageous, and demonstrated a complete indifference to or conscious disregard for the safety of Mrs. Ellis and others on the road." Doc. 1 (Complaint), p. 4, ¶ 17; p. 5, ¶ 7; p. 6, ¶ 5; p. 7, ¶ 4. Under each count in the Complaint, Plaintiffs request an award of punitive damages "in an amount sufficient to punish both Defendant Cody J. Elkins and Defendant Tyson Foods, Inc., and to deter these Defendants and others from like conduct." *Id.*

## II. Discussion

Defendants argue that Plaintiffs' claims for punitive damages should be dismissed pursuant to Missouri Supreme Court Rule 55.27(a)(6) for failure to state a claim upon which relief can be granted. Missouri Supreme Court Rule 55.27(a)(6) is Missouri's state equivalent of Federal Rule of Civil Procedure 12(b)(6).[1] The Court, therefore, construes Defendants' motion under the Federal Rules.

To survive a motion to dismiss, a complaint must include enough facts "to state a claim to relief that is plausible on its face." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. For purposes of the pending motion to dismiss, the Complaint is liberally construed in the light most favorable to Plaintiffs. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

---

[1] Missouri Supreme Court Rule 55.27(a)(6) provides in relevant part: "Every defense, in law or fact, to a claim in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . (6) Failure to state a claim upon which relief can be granted."

Under Missouri law, punitive damages are available in negligence actions. *Harris v. Decker Truck Line, Inc.*, No. 4:12 CV 1598 DDN, 2013 WL 1769095, at *3 (E.D. Mo. Apr. 24, 2013) (citing *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.*, 700 S.W.2d 426, 436 (Mo. 1985)). For an award of punitive damages, Plaintiffs "must show (1) defendant knew or should have known, based on the surrounding circumstances that its conduct created a high degree of probability of injury, and (2) defendant showed complete indifference to, or conscious or reckless disregard for, the safety of others." *Id.* (citing *Litchfield By & Through Litchfield v. May Dep't Stores Co.*, 845 S.W.2d 596, 599 (Mo. Ct. App. 1992)).

Defendants argue that Plaintiffs' punitive damages claims should be dismissed because they are not supported by a sufficient factual basis. However, Plaintiffs seek punitive damages for specific conduct alleged in Counts I–IV of the Complaint, addressing each of the elements a plaintiff must prove for an award of punitive damages. Specifically, Plaintiffs allege that Mr. Elkins, while acting in the scope of his employment with Tyson, knowingly drove Defendants' tractor trailer in "white-out" blizzard conditions "at a speed which made it impossible to stop within his range of visibility." Doc. 1, p. 3, ¶ 15.b. In addition, Plaintiffs allege that such conduct was a violation of Federal Motor Carrier Safety Regulations, specifically 49 C.F.R. § 392.14, which requires extreme caution in the operation of a commercial motor vehicle during hazardous conditions such as snow, and in some instances requires that the operator cease driving.[2] *Id.* at pp.

---

[2] 49 C.F.R. § 392.14 provides in pertinent part:

> Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated.

3

4–5, ¶¶ 2–7. Plaintiffs also allege that Tyson was negligent in failing to train Mr. Elkins to understand and comply with Federal Motor Carrier Safety Regulations, including training Mr. Elkins "not to drive during 'white-out' or blizzard conditions" and to "drive at a slow rate of speed and only within his range of vision" during severe weather conditions. *Id.* at p. 6, ¶ 3. Plaintiffs' Complaint alleges that this conduct "was outrageous, and demonstrated a complete indifference to or conscious disregard for the safety of Mrs. Ellis and others." *Id.* at p. 4, ¶ 17; p. 5, ¶ 7; p. 6, ¶ 5; p. 7, ¶ 4.

These alleged facts, in the light most favorable to the Plaintiffs, permit the inference that Defendants knew or should have known, based on the surrounding circumstances, namely the alleged weather conditions and established motor carrier safety regulations, that their conduct created a high degree of probability of injury. Under Missouri law, evidence of failure to follow motor carrier regulations and industry standards is permitted to support an award of punitive damages against commercial motor carriers. *Harris*, 2013 WL 1769095, *5 (finding plaintiff could avoid dismissal where complaint alleged violations of multiple motor carrier regulations and industry standards); *see also Kyles v. Celadon Trucking Servs., Inc.*, No. 6:15-CV-03193-MDH, 2015 WL 6143953, *4 (W.D. Mo. Oct. 19, 2015) (denying 12(b)(6) motion to dismiss punitive damages claims based in part on "the fact that evidence of failure to follow motor carrier regulations can support an award of punitive damages"); *Coon v. Am. Compressed Steel, Inc.*, 207 S.W.3d 629, 639 (Mo. Ct. App. 2006) (sustaining award of punitive damages because the motor carrier had shown a conscious disregard for public safety in failing to comply with federal and state motor carrier regulations and industry standards).

Thus, at this stage in the pleadings, Plaintiffs have provided sufficient factual content to support the inference that they could be entitled to an award of punitive damages.

## III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' punitive damages claims, Doc. 9, is denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: December 4, 2018  
Jefferson City, Missouri